IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nikita Dillard, | : | Jury Trial Demanded |
|     Plaintiff | : | |
|     v. | : | No.   1:18-CV-70 |
| Sean Cornick, individually and in | : | |
| his official capacity, and the | : | (Chief Judge Conner) |
| Harrisburg Police Bureau, | : | Civil Action |
|     Defendants | : | |

## Brief in Support of Motion to Dismiss

Respectfully submitted,

Lavery Law
Josh Autry, Esquire
PA Bar no. 208459
Frank J. Lavery, Jr., Esquire
PA Bar no. 42370
225 Market Street, Suite 304
P.O. Box 1245
Date: 2/14/18                    Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
jautry@laverylaw.com
flavery@laverylaw.com
Attorneys for Defendants

1

# Table of Contents

Table of Authorities ............................................................................................3

I.   Statement of the Case: ...............................................................................5

   A.   Procedural History/Facts Alleged ................................................5

II.   Question Involved: .....................................................................................6

III.   Argument: .................................................................................................6

   A.   Plaintiff must show a plausible claim for relief. ..........................6

   B.   Plaintiff does not plead lack of probable cause. ...........................8

   C.   Defendant Cornick is entitled to qualified immunity. ................13

   D.   Plaintiff's official capacity claim is a municipal claims. .............17

   E.   The Harrisburg Police Bureau is not a legal entity subject to suit. ..............17

   F.   Plaintiff does not plead municipal liability. ................................18

   G.   Any punitive damages against Harrisburg are barred. ...............20

   H.   The Pennsylvania Constitution does not allow for monetary damages. ......20

IV.   Conclusion ................................................................................................21

CERTIFICATION OF COUNSEL ...................................................................22

CERTIFICATE OF SERVICE .........................................................................23

# Table of Authorities

*Anderson v. Creighton*, 483 U.S. 635 (1987)................................................................ 14

*Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011).......................................................... 13, 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 6

*Barna v. City of Perth Amboy*, 42 F.3d 809 (3d Cir. 1994) ...................................... 8

*Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)................................... 19

*Beck v. City of Pittsburgh*, 89 F.3d 966 (3d Cir. 1996) ........................................... 19

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)..................................................... 6, 7

*Bingaman v. Bingaman*, 2009 U.S. Dist. LEXIS 68448 (M.D. Pa. Aug. 5, 2009) ....... 8

*Brandon v. Holt*, 469 U.S. 464 (1985) ....................................................................... 17

*Briggs v. Moore*, 251 Fed. Appx. 77 (3d Cir. 2007)................................................... 18

*Brosseau v. Haugen*, 543 U.S. 194 (2004)......................................................... 14, 16

*Carroll v. Carman*, 135 S.Ct. 348 (2014).......................................................... 15, 16

*City and County of San Francisco, Calif. v. Sheehan*, 135 S.Ct. 1765 (2015).......... 16

*City of Newport v. Fact Concerts*, 453 U.S. 247 (1981)............................................ 20

*Commonwealth v. Macolino*, 469 A.2d 132, 134 (1983)........................................... 11

*Credico v. Commonwealth State Police*, 2010 U.S. Dist. LEXIS 7469 (E.D. Pa. Jan. 27, 2010) ................................................................................................................ 18

*DC v. Wesby*, --- S.Ct. ---, 2018 WL 491521 (Jan. 22, 2018)............................... 9, 15

*DeBellis v. Kulp*, 166 F. Supp. 2d 255 (E.D. Pa. 2001) ........................................... 18

*DeVatt v. Lohenitz*, 338 F.Supp.2d 588 (E.D. Pa. 2004) .................................... 11, 17

*Gilles v. Davis*, 427 F.3d 197 (3d Cir. 2005) ........................................................... 14

*Ginter v. Skahill*, 298 F. App'x 161 (3d Cir. 2008) ............................................ 11, 17

*Griffin v. Walbert*, 2012 U.S. Dist. LEXIS 4961 (M.D. Pa. Jan. 17, 2012)................ 8

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)....................................................... 14

*Hunter v. Bryant*, 502 U.S. 224 (1991) ..................................................................... 14

*Johnson v. Bingnear*, 441 Fed. Appx. 848 (3d Cir. 2011).......................................... 18

*Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007)....................................................... 8, 9

*Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa. Commw. Ct. 2006) ..................... 20

*Kalomiris v. Monroe County Syndicate*, 2009 U.S. Dist. LEXIS 1264 (M.D. Pa. Jan. 8, 2009) .................................................................................................................. 8

*Kelly v. Borough of Carlisle*, 622 F.3d 248 (3d. Cir. 2010)...................................... 14

*Lane v. Franks*, 134 S.Ct. 2369 (2014)..................................................................... 16

*Lum v. Bank of Am.*, 361 F.3d 217 (3d Cir. 2004) ..................................................... 7

*Martin v. Red Lion Police Dep't*, 146 Fed. Appx. 558 (3d Cir. 2005) ........................ 18

*Messerschmidt v. Millender*, 565 U.S. 535 (2012).................................................... 16

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ................................................ 19

*Mullenix v. Luna*, 136 S.Ct. 305 (2015) ................................................................... 16

*Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272 (3d Cir. 2004) .......................... 18

*Pearson v. Callahan*, 555 U.S. 223 (2009) ............................................................... 16

*Plumhoff v. Rickard*, 134 S.Ct. 2012 (2014)............................................................ 16

*Reichle v. Howards*, 132 S. Ct. 2088, 2094 (2012)........................................ 14, 15, 16

*Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364 (2009) ........................... 16

*Shelley v. Wilson*, 339 Fed. Appx. 136, 137 n. 2 (3d Cir. 2009) ................................. 7

*Stanton v. Sims*, 134 S.Ct. 3 (2013) ........................................................................ 16
*Startzell v. City of Philadelphia*, 533 F.3d 183 (3d Cir. 2008) ................................ 8, 9
*Taylor v. Barkes*, 135 S.Ct. 2042 (2015) ................................................................. 16
*US v. Myers*, 308 F.3d 251 (3d Cir. 2002) .................................................................. 9
*White v. Pauly*, 137 S.Ct. 548 (2017) ................................................................. 14, 16
*Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000) ............................................................ 9
*Wood v. Moss*, 134 S.Ct. 2056 (2014) .................................................................... 16
*Wright v. City of Phila.*, 409 F.3d 595 (3d Cir. 2005) .............................................. 10

## I.   Statement of the Case:

### A. Procedural History/Facts Alleged

On or about August 6, 2016, Plaintiff was arrested during the execution of search warrant at 1824 Forester St. Harrisburg, Pennsylvania. As a result of what was revealed during the search, Plaintiff was charged with two counts of Prohibited Possession of Firearm due to Plaintiff's status as a former felon, one count of Conspiracy for Prohibited Possession of Firearm, one count of Use/Possession of Drug Paraphernalia, and one count of Receiving Stolen Property. (*See* Criminal Docket CP-22-CR-0005444-2016, attached hereto as Ex. A.) On or about February 14, 2017, the charges against Plaintiff were nolle prossed.

Plaintiff disputes only one of the charges he received, which was one of the unlawful possession of a firearm charges which concerned a fully automatic rifle found in the basement of the home he was staying. (*See* Affidavit of Probable Cause, attached hereto as Ex. C). Plaintiff alleges that there was no fully automatic rifle in the basement.

Then, on or about December 11, 2017, Plaintiff filed a Complaint against Defendants in the Court of Common Pleas of Dauphin County,

Pennsylvania. Defendants timely removed this case on January 10, 2018, to this Court because Plaintiff brought claims under Section 1983 for false arrest/false imprisonment and malicious prosecution. Now, Defendants timely move to dismiss Plaintiff's Complaint.

## II.   Question Involved:

Does Plaintiff state a claim? No.

## III.   Argument:

### A. Plaintiff must show a plausible claim for relief.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The claim must be "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

6

possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting

*Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not

suffice." *Id.* This Court is "not bound to accept as true a legal conclusion

couched as a factual allegation" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but

it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts

generally consider only the allegations in the complaint, exhibits

attached to the complaint, matters of public record, and documents that

form the basis of a claim." *Shelley v. Wilson*, 339 Fed. Appx. 136 (3d

Cir. 2009) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir.

2004)). In *Shelley*, the Third Circuit held that a district court properly

considered a "police incident report filed by the victim, the criminal

complaint and affidavit of probable cause for an arrest warrant, the

state court docket, and the Pennsylvania Superior Court's decision

affirming Shelley's judgment of sentence…" *Id.* at 137. The Third

Circuit explained:

> [T]he documents attached to the Troopers' motion were
> either referenced in Shelley's complaint, were matters of
> public record, and/or were integral to the false arrest claim.
> Accordingly, we have no difficulty concluding that the
> District Court properly considered the documents.

*Id.* at 137 n.2. *See also Griffin v. Walbert*, 2012 U.S. Dist. LEXIS 4961

at n.3 (M.D. Pa. Jan. 17, 2012)(considering warrant); *Bingaman v.*

*Bingaman*, 2009 U.S. Dist. LEXIS 68448 at n.1 & n.2 (M.D. Pa. Aug. 5,

2009) (considering and taking judicial notice of court dockets available

online); *Kalomiris v. Monroe County Syndicate*, 2009 U.S. Dist. LEXIS

1264 at n.8 (M.D. Pa. Jan. 8, 2009)(same).

For the reasons set forth below, Plaintiff does not show a plausible

claim for relief.

## B. Plaintiff does not plead lack of probable cause.

Plaintiff does not plead facts to dispute probable cause. A

defendant will not be liable for a Section 1983 claim for false arrest if

"[p]robable cause .... exist[ed] as to any offense that could be charged

under the circumstances." *Johnson v. Knorr*, 477 F.3d 75, 84–85 (3d Cir.

2007) (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir.

1994)); *see also Startzell v. City of Philadelphia*, 533 F.3d 183, 204 (3d

Cir. 2008).  Similarly, Plaintiff must plead lack of probable cause for the

malicious prosecution claim. *Johnson,* 477 F.3d at 81-82. "[T]he establishment of probable cause as to any one charge is sufficient to defeat [Plaintiff's] Fourth Amendment claims." *Startzell*, 533 F.3d, at n. 14 (citing *Johnson*, 477 F.3d at 82 n. 9, 84-85). In fact, "an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense at the time of the arrest or booking." *DC v. Wesby,* --- S.Ct. ---, 2018 WL 491521, at *n.2 (Jan. 22, 2018) (slip opinion).

In this case, Plaintiff does not plead facts to dispute probable cause for unlawful possession of a firearm, receiving stolen property, criminal conspiracy, and the use/possession of drug paraphernalia. Probable cause is a low hurdle. "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *US v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). "A police officer may be liable for civil damages for an arrest if no reasonable competent officer would conclude that probable cause exists." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000). Further,  "Probable cause does not require the same type of specific evidence of each element of the

offense as would be needed to support a conviction, ... the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction.'" *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

First, Plaintiff was charged twice under 18 Pa. S. C. A. § 6105 (a)(1): once for the revolver and once for the automatic rifle. Section 6105 prohibits felons (like Plaintiff) from possessing firearms. In pertinent part, the Affidavit of Probable Cause states:

> Corbett and Dillard are **Former Felons** at [sic] not to be in possession of any firearms [...] Located a Stolen 38 Caliber Revolver from the State of NY, this was located in the kitchen area loaded[...] Located in the basement was a 5.56 Rifle Stag Arms with fully auto toggle switch

(*See* Ex. C). Plaintiff only denies the statements concerning the automatic rifle in Cornick's affidavit of probable cause. Plaintiff neither denies his status as a felon nor that Cornick found a loaded revolver in the common space of a home that Plaintiff admits to staying at.

Cornick had probable cause to arrest Plaintiff for unlawful possession of the revolver on a theory of constructive possession, which is "the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to

exercise that control." *Ginter v. Skahill*, 298 F. App'x 161, 164 (3d Cir. 2008) (quoting *Commonwealth v. Macolino*, 469 A.2d 132 (1983)). The "Pennsylvania Supreme Court held that constructive possession can be found in one defendant when both [...] have equal access to an area where the illegal substance or contraband is found." *Id.* (quoting *Macolino*, 469 A.2d at 135).

As the Third Circuit found in a similar case, "A reasonable person would assume if she lived at the residence, she would have equal access, power and control over the common areas of the house where the drug residue, receipt and paraphernalia were found." *Id.* Likewise, the Eastern District in *DeVatt v. Lohenitz*, 338 F.Supp.2d 588, 597 (E.D. Pa. 2004), found probable cause because "drugs, drug paraphernalia and guns were found in the area wherein plaintiff had access." As in *Ginter* and *DeVatt*, Cornick had probable cause to believe that Plaintiff had had equal access to a weapon in the shared kitchen. As a result, Cornick had probable cause to arrest Plaintiff on a charge of unlawful possession in regards to the revolver.

For the automatic rifle, Plaintiff is careful to only completely deny the existence of a "machine gun" and further deny that any "gun" was

located in the basement where he was staying. Plaintiff specifically refrains from denying the existence in the house of something that looked like a machine gun, which is all that would be necessary for probable cause. In any event, as explained above, there was probable cause for constructive possession of the revolver.

Second, Plaintiff was charged under 18 Pa. S. C.A. § 3925 for "Receiving Stolen Property" because the revolver came up as stolen as explained in the Affidavit of Probable Cause. Again, Plaintiff does not deny that officers discovered a stolen firearm in the common area of that home or allege any facts to refute probable cause. Likewise, Plaintiff does not allege any facts to refute probable cause to a conspiracy to possess the stolen revolver. *See* 18 Pa. S.C.A. § 903.

Finally, Plaintiff was charged under 35 P.S. § 780-113a(32) for possession of drug paraphernalia. Defendant Cornick's Affidavit of Probable Cause states, "In the basement is where Dillard stays...[a]lso in the basement was drug paraphernalia from a digital scale to marijuana smoking devices." Ex. C. Plaintiff admits to staying in the basement and being the only individual in the basement at the time of the warrant's execution. Moreover, Plaintiff does not dispute that

12

Officer found the marijuana drug paraphernalia. Clearly, Defendant Cornick possessed probable cause to charge Plaintiff for possession of drug paraphernalia.

Plaintiff only claims innocence to a single charge related to the automatic rifle, but Cornick only needed probable cause to believe that Plaintiff had constructive possession of the revolver <u>or</u> drug paraphernalia. Because Plaintiff does not deny probable cause for the revolver or drug paraphernalia, this Court should dismiss his case.

## C. <u>Defendant Cornick is entitled to qualified immunity.</u>

At a minimum, Defendant Cornick should be entitled to qualified immunity because no clearly established law forbade arresting Plaintiff for constructive possession of the revolver or drug paraphernalia. In fact, the clearly established law supports Plaintiff's arrest.

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011). "The qualified immunity standard 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly

13

violate the law.'" *Gilles v. Davis*, 427 F.3d 197, 203 (3d Cir. 2005)
(quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

Officials have qualified immunity so long as their "conduct does
not violate clearly established statutory or constitutional rights of
which a reasonable person would have known." *Harlow v. Fitzgerald*,
457 U.S. 800 (1982). Courts consider "the state of the existing law at the
time of the alleged violation and the [specific] circumstances confronting
the officer." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d. Cir.
2010).

The law is "clearly established" when "[t]he contours of the right
[are] sufficiently clear that a reasonable official would understand that
[his conduct] violates that right." *Anderson v. Creighton*, 483 U.S. 635,
649 (1987). "'[T]he right allegedly violated must be established, 'not as a
broad general proposition,' *Brosseau v. Haugen*, 543 U.S. 194, 198
(2004) (per curiam), but in a 'particularized' sense so that the 'contours'
of the right are clear to a reasonable official, [*Anderson*, 483 U.S. at
640]." *Reichle v. Howards*, 132 S. Ct. 2088 (2012).

Just last year, the Supreme Court again unanimously reversed
the denial of qualified immunity in *White v. Pauly*, 137 S.Ct. 548 (2017)

14

(8-0) (per curiam). The Court emphasized the need for qualified immunity where precedent does not clearly forbid an official's conduct under the particular facts. The Court found that the fact that a "case presents a unique set of facts and circumstances… alone should have been an important indication… that White's conduct did not violate a clearly established right." *Id.* at 552.

In other words, not only must the constitutional standard be clearly established, but the case law must be clear enough to show the official that he or she, in fact, violated the constitution. To defeat qualified immunity, "existing precedent must have placed the statutory or constitutional question beyond debate." *Carroll v. Carm*an, 135 S.Ct. 348, 350 (2014) (per curiam) (unanimous). The Court further grants qualified immunity on questions where judges disagree: "[i]f judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." *Reichle*, 132 S.Ct. at 2096 (citation omitted).

The Supreme Court has repeatedly found that qualified immunity shields officials where binding precedent is unclear on the point or distinguishable. *DC v. Wesby*, -- S.Ct. ----2018 WL 491521 (Jan. 22,

2018) (slip opinion) (unanimous on qualified immunity); *White*, 137

S.Ct. at 551-552 ("In the last five years, this Court has issued a number

of opinions reversing federal courts in qualified immunity cases");

*Mullenix v. Luna*, 136 S.Ct. 305 at 308-12 (2015); *Taylor v. Barkes*, 135

S.Ct. 2042 (2015) (per curiam) (unanimous); *City and County of San*

*Francisco, Calif. v. Sheehan*, 135 S.Ct. 1765 (2015); *Carroll*, 135 S.Ct. at

350; *Lane v. Franks*, 134 S.Ct. 2369, 2383 (2014) (unanimous); *Wood v.*

*Moss*, 134 S.Ct. 2056, 2070 (2014) (unanimous); *Plumhoff v. Rickard*,

134 S.Ct. 2012 at 2024 (2014); *Stanton v. Sims*, 134 S.Ct. 3, 7 (2013)

(per curiam) (unanimous); *Messerschmidt v. Millender*, 565 U.S. 535,

556 (2012); *Reichle*, 132 S.Ct. at 2094; *al-Kidd*, 563 U.S. at 744; *Safford*

*Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 378–79 (2009);

*Pearson v. Callahan*, 555 U.S. 223, 244 (2009) (unanimous); *Brosseau v.*

*Haugen*, 543 U.S. 194, 201 (2004) (8-1).

    In this case, Plaintiff does not even dispute Defendant Cornick's

probable cause for constructive possession of the revolver or drug

paraphernalia. Instead, Plaintiff only takes issue with the charge for

the rifle. However, Defendant Cornick only needed probable cause for

any possible charge to be entitled to qualified immunity, which he clearly had.

At a minimum, the clearly established law did not forbid Cornick from reasonably believing that Plaintiff had constructive possession of the revolver found in the common area of the house or the drug paraphernalia found in the basement where Plaintiff slept. In fact, the case law supports Cornick's conclusion. *See Ginter*, 298 F.App'x at 164; *DeVatt*, 338 F.Supp.2d at 597. Accordingly, Officer Cornick did not violate clearly established law and is entitled to qualified immunity.

### D. Plaintiff's official capacity claim is a municipal claims.

The official capacity claim against Defendant Cornick is just a roundabout way of suing a municipality directly. *Brandon v. Holt*, 469 U.S. 464, 472 n. 21 (1985). Therefore, the official capacity claim against Defendant Cornick should be considered as a municipal claim against Harrisburg.

### E. The Harrisburg Police Bureau is not a legal entity subject to suit.

Any claims against the Harrisburg Police Bureau should be dismissed as the Bureau is not a legal entity capable of being sued. Instead the Bureau is a municipal agency that would not be considered

separate from the municipality[,Harrisburg,] such that that it could be sued for the purposes of § 1983…" *Briggs v. Moore*, 251 Fed. Appx. 77, 79 (3d Cir. 2007). A municipal agency "is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)). *See also Martin v. Red Lion Police Dep't*, 146 Fed. Appx. 558, 562 n.1 (3d Cir. 2005); *Johnson v. Bingnear*, 441 Fed. Appx. 848, 852 (3d Cir. 2011); *Credico v. Commonwealth State Police*, 2010 U.S. Dist. LEXIS 7469, at n.13 (E.D. Pa. Jan. 27, 2010).

Accordingly, any claims against the Harrisburg Bureau of Police should be dismissed, as they are essentially municipal claims.

### F. Plaintiff does not plead municipal liability.

Plaintiff fails to plead a plausible municipal claim against Harrisburg because Plaintiff does not claim any other prior similar violations.

The standard for municipal liability is a high one. Plaintiff must show that Harrisburg through the Harrisburg Police Bureau caused the alleged violation through a **policy or custom**. *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 690-91 (1978). A custom exists where "such

practices of state officials ... [are] so permanent and well settled as to

constitute a custom or usage with the force of law." *Monell*, 436 U.S. at

691.

Plaintiff must also show that Harrisburg acted with "**deliberate**

**indifference**." *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir.

1996). For a municipality, this is no easy task and generally requires

proof of repeated violations:

> If a program does not prevent constitutional violations,
> municipal decisionmakers may eventually be put on notice
> that a new program is called for. Their continued adherence
> to an approach that they know or should know has failed to
> prevent tortious conduct by employees may establish the
> conscious disregard for the consequences of their action --
> the 'deliberate indifference' -- necessary to trigger municipal
> liability.

*Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997).

Plaintiff does not show any specific official policy or widespread

practice. Plaintiff does not allege a history of prior constitutional

violations such that Harrisburg would be aware of a serious problem.

Plaintiff does not **plausibly** show that Harrisburg was deliberately

indifferent to an obvious need for additional training. Accordingly,

Plaintiff's claim does not plausibly attribute his alleged harm to

19

Harrisburg. Accordingly, this Court should dismiss any municipal claims against Harrisburg.

### G. Any punitive damages against Harrisburg are barred.

Municipalities are immune from punitive damages. "[A] municipality is immune from punitive damages under 42 U.S.C. §1983." *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Thus, Plaintiff's request for punitive damages should be stricken.

### H. The Pennsylvania Constitution does not allow for monetary damages.

Further, Plaintiff's claims under the Pennsylvania Constitution should be dismissed because Plaintiff cannot obtain any relief. *See Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006) ("Neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution.").

## IV.   Conclusion

For these reasons, this Court should dismiss all claims.

Respectfully submitted,

Lavery Law

<u>s/ Josh Autry</u>
PA Bar No. 208459
Frank J. Lavery, Jr.
PA Bar No. 42370
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
jautry@laverylaw.com
flavery@laverylaw.com

Date:  February 14, 2018          *Attorneys for Defendants*

## CERTIFICATION OF COUNSEL

The undersigned counsel hereby certifies that the foregoing Brief complies with the word count limitations set forth in the Middle District of Pennsylvania L.R. 7.8 The brief contains 3,112 words. Counsel relied upon the word count feature of the word processing system used to prepare the brief in obtaining the foregoing number.


Date: 2/14/18                                    S/ Josh Autry

## CERTIFICATE OF SERVICE

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF System to Plaintiff's counsel.

Date: 2/14/18                    s/Katy Reilly
                                 Legal Secretary for Josh Autry, Esq.